OYLER *v.* STOKES ET AL., COUNTY COMMISSIONERS, ET AL.

*Negligence—Charge to jury—Contributory negligence—Knowingly and voluntarily entering dangerous place—Question for jury—Charge considered in entirety—Insufficient record of misconduct of counsel—Affidavit with motion for new trial—County commissioners—Failure to erect guard rails at bridge.*

1. In an action for damages for negligence it is not error for the court to charge the jury that if plaintiff knowingly and voluntarily went into a dangerous place and as a direct and natural result thereof was injured, his voluntary going into such dangerous place was contributory negligence, where there is evidence tending to show a situation admitting of substantially the special charges complained of.

2. In such case the question whether or not plaintiff knowingly and voluntarily went into a dangerous place, and, as a direct result, was injured, is one for the jury.

3. A charge of court will not be held erroneous when, taken as a whole, it reasonably states the law applicable to the case, although excerpts taken from the charge might be objectionable.

4. The question of misconduct of counsel will not be considered on error when brought into the record by affidavit in the motion for a new trial.

(Decided May 29, 1922.)

ERROR: Court of Appeals for Warren county.

*Messrs. Mattern, Brumbaugh & Mattern* and *Messrs. Kelly, Murphy & Murray,* for plaintiff in error.

*Mr. F. M. Cunningham* and *Mr. Dean E. Stanley,* for defendants in error.

HAMILTON, P. J.   The plaintiff in error brought his action in the court of common pleas of Warren county, for alleged personal injuries claimed to have been received in falling over an abutment of a bridge, and bases his claim on the ground of negligence on the part of the county commissioners in failing to comply with Sections 7563, 7564 and 7565, General Code.   He charges that in violation of these sections of the code, the commissioners failed to erect and maintain guard rails at the end of the county bridge.   He alleges that the embankment was ten feet high, and that he fell over the same, solely by reason of the negligence of the county commissioners in failing to erect and maintain suitable and adequate guard rails, as required by the statute.

The defense was a denial of the negligence, a charge of contributory negligence, and sole negligence on the part of the plaintiff.

The cause was submitted to a jury and resulted in a verdict for the defendants.   Upon the overruling of the motion for a new trial, judgment was rendered on the verdict in favor of the defendants. From that judgment, plaintiff in error prosecutes error to this court, claiming errors in the proceeding in the giving of special charges 2 and 3, requested by the defendants, error in the general charge, misconduct of counsel, and that the verdict and judgment are against the weight of the evidence.

The substance of these two special charges complained of is that if plaintiff knowingly and voluntarily went into a dangerous place, and as a direct and natural result thereof was injured, his volun-

tary going into such dangerous place was contributory negligence.

The objection is that these charges were misleading because there is no evidence that he voluntarily and knowingly went into a dangerous place.

We have read the record, and it appears that the plaintiff, who was riding as a passenger with an owner and driver of a machine, together with other passengers, crossed the bridge in question, and turned out for some reason, claimed by the plaintiff to be the passing of a loaded wagon; that the machine ran along close to the abutment of the bridge in question, and the wheels sank in some loose material; that the driver was unable to extricate the machine on its own power; that it was in broad daylight, and there was nothing to obstruct the view of the surroundings; and that plaintiff procured a plank, or board, and placed the same in some manner under the rear of the car, and, in attempting to pry the car, fell over the abutment.

It appears from the evidence that the place where he was prying on the machine was within two or three feet of the abutment. He could not close his eyes to danger, and then say that he did not voluntarily and knowingly assume the position, which under the circumstances, and in connection with his own conduct, must have appeared dangerous to a prudent man. Therefore, the use of the language that he knowingly and voluntarily went into a place of danger is not reversible error, as there was evidence tending to show a situation admitting of substantially the special charges complained of. Whether or not plaintiff knowingly and voluntarily

went into a dangerous place, and, as a direct result, was injured, was a question for the jury. *Schaeffler* v. *City of Sandusky,* 33 Ohio St., 246; *Davis* v. *Somers-Cambridge Co.,* 75 Ohio St., 215, 230, and *Rayland Coal Co.* v. *McFadden, Admr.,* 90 Ohio St., 183.

The court properly stated to the jury in the special charges requested by plaintiff, and in the general charge, the liability of the commissioners if they failed to erect proper guard rails, as provided by statute, if this failure was the proximate cause of the injury.

Objection is made to some statements in the general charge of the court, which, standing alone, might be subject to criticism, but taking the charge as a whole the claim of prejudicial error is not sustained.

Excerpts taken from the charge of the court might be objectionable, but will not be considered as prejudicial error when the charge taken as a whole reasonably states the law applicable to the case. *Beehm* v. *Cincinnati, Dayton & Toledo Traction Co.,* 86 Ohio St., 209; *Standard Table Oil Cloth Co.* v. *Rees, Jr., Admr.,* 85 Ohio St., 438, and *N. Y., C. & St. L. Ry. Co.* v. *Roe, Admr.,* 4 C, C., N, S., 284.

It is sought to raise the question of misconduct of counsel for the defendants by affidavit filed on motion for a new trial.

The record does not disclose any objection to the argument of counsel, no exceptions were taken, and the record contains no part of the arguments of any of counsel. That this objection cannot be brought into the record by affidavit in the motion for a new trial has been repeatedly held. *State of*

*Ohio* v. *Young,* 77 Ohio St., 529, and *Graham* v. *State of Ohio,* 98 Ohio St., 77.

Counsel for plaintiff in error also argue in their brief that a fair trial was not had because of local prejudice of the jury, it being a case against the county from which the jury was selected.

The record does not show any objection or exceptions to submitting the case to the jury. Although the statutes gave plaintiff the right to bring his action in an adjoining county, he did not see fit to avail himself of this opportunity. No prejudice whatever on the part of the jury is shown.

It would serve no good purpose to discuss the evidence as appears from the record, but a careful reading of the same convinces the court that the verdict is not manifestly against the weight of the evidence.

We find no prejudicial error in the record.

*Judgment affirmed.*

CUSHING and BUCHWALTER, JJ., concur.